UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>     vs.<br><br>GERALD RAFAEL GARCIA,<br><br>              Defendant. | MJ. NO. 19-00635 LEK-KSC |

**ORDER DENYING DEFENDANT'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION THAT DEFENDANT GERALD RAFAEL GARCIA BE FOUND NOT MENTALLY COMPETENT TO STAND TRIAL**

On October 31, 2019, the magistrate judge issued his Findings and Recommendation that Defendant Gerald Rafael Garcia Be Found Not Mentally Competent to Stand Trial ("F&R"). [Dkt. no. 25.] On November 14, 2019, Defendant Gerald Garcia Rafael ("Mr. Garcia" or "Defendant") filed his objections to the F&R ("Objections"). [Dkt. no. 27.] On November 29, 2019, Plaintiff the United States of America ("the Government") filed its response to Mr. Garcia's Objections, and Mr. Garcia filed his reply on December 13, 2019. [Dkt. nos. 30, 33.] The matter came on for hearing on December 18, 2019. For the reasons set forth below, Mr. Garcia's objections are denied, and the F&R is hereby adopted in its entirety.

**BACKGROUND**

On July 18, 2019, the magistrate judge issued an order granting the Government's July 11, 2019 motion for a hearing to determine Mr. Garcia's competency. [Dkt. nos. 12, 15.] On September 4, 2019, Sharon M. Tisza, M.D, conducted a three-hour clinical interview of Mr. Garcia at the Federal Detention Center – Honolulu ("FDC Honolulu"), resulting in a Forensic Psychiatric Evaluation, filed September 23, 2019, [dkt. no. 19,] diagnosing Mr. Garcia with Delusional Disorder, Persecutory Type, and opining that Mr. Garcia is incompetent to stand trial because he is unable to assist in his defense. [F&R at 3 (quoting Forensic Psychiatric Evaluation at 7).] A competency hearing was initially scheduled for September 25, 2019, but the matter was continued so that an evidentiary hearing could be scheduled. [Minutes, filed 9/25/19 (dkt. no. 21).] During the September 25, 2019 proceeding, the parties agreed that the exhibits Mr. Garcia filed would be admitted lieu of his testimony at the evidentiary hearing. [Id.; Submission of Exhibit A & B for Def.'s Competency Hrg., filed 9/25/19 (dkt. no. 20).[1]]

---

[1] Exhibit A is Mr. Garcia's statement to the Court in an email dated September 25, 2019, and Exhibit B is Mr. Garcia's letter to the "Kaneohe Police Department" dated September 11, 2018.

2

During the October 29, 2019 evidentiary hearing, the magistrate judge heard testimony from Dr. Tisza. [Trans. of 10/29/19 hrg. on competency ("10/29/19 Hrg. Trans."), filed 11/7/19 (dkt. no. 26).] Following the hearing, the magistrate judge found that Mr. Garcia "is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense and that Defendant is not competent to stand trial." [F&R at 1-2 (footnote omitted).] Mr. Garcia objects to the F&R on the basis that Dr. Tisza's evaluation, consisting of a "single, three-hour clinical interview," is insufficient grounds to support a finding of incompetency. [Mem. in Supp. of Objections at 3.] Additionally, Mr. Garcia objects to the magistrate judge's findings and recommendation that he be found mentally incompetent due to his inability to assist properly in his own defense. [Objections at 3.]

## STANDARD

A district judge may designate a magistrate judge to conduct hearings and to submit proposed findings of fact and recommendations for certain dispositive motions in criminal cases, including "a motion . . . to dismiss or quash an indictment or information made by the defendant[ or] to suppress evidence in a criminal case." 28 U.S.C. § 636(b)(1)(A)-(B). Section 636(b)(1) states:

3

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

This district court has stated:

> Under a de novo standard, this Court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006); United States v. Silverman, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. United States v. Remsing, 874 F.2d 614, 616 (9th Cir. 1989).

Muegge v. Aqua Hotels & Resorts, Inc., Civil 09-00614 LEK-BMK, 2015 WL 4041313, at *2 (D. Hawai`i June 30, 2015) (alteration in Muegge) (some citations omitted).

## DISCUSSION

### I. Objections to Examination Methodology

Mr. Garcia's primary objection to the F&R is that Dr. Tisza's evaluation was inadequate for the magistrate judge to conclude that Mr. Garcia is incompetent to stand trial. Mr. Garcia argues the inadequacy of Dr. Tisza's examination

4

process is evidenced by its lack of: 1) standardized or objective testing; 2) review of medical and mental health treatment records; 3) review of FDC Honolulu records.  [Mem. in Supp. of Objections at 7.]  Because of these inadequacies, Mr. Garcia contends the magistrate judge should not have found Dr. Tisza's testimony "'to be credible and persuasive.'" [Objections at 3 (quoting F&R at 5).]

        Mr. Garcia's objection to the evaluation methodology, as presented, is not a basis for this Court to invalidate Dr. Tisza's diagnosis and recommendation regarding competency.  At the hearing on October 29, 2019, Mr. Garcia did not present expert testimony as to the inadequacy of Dr. Tisza's testing methods.  Instead, Mr. Garcia relies on only his own contention that the methods employed by Dr. Tisza were insufficient to support a finding of incompetency.  [Mem. in Supp. of Objections at 3-9.]  Nothing in Mr. Garcia's filings substantiates the claim that the interview process used by Dr. Tisza yielded an inaccurate, inferior, or unreliable result.  Similarly, Mr. Garcia does not cite to legal or medical authority indicating that Dr. Tisza's method is insufficient.  Based on its review of the record, the Court finds that Dr. Tisza's diagnosis and opinion are reasonable and supported by articulated evidence.  Further, the Court concludes that her examination methodology satisfies the requirements of 18 U.S.C.

§ 4247(b), and the Forensic Psychiatric Evaluation satisfies the report requirements under § 4247(c).  Therefore, Mr. Garcia's objections to the portions of the F&R regarding Dr. Tisza's examination methodology are rejected.

## II.  De Novo Review of the Competency Determination

Mr. Garcia also objects to the magistrate judge's findings and recommendation that he be found mentally incompetent due to his inability to assist properly in his own defense.  [Objections at 3.]  Therefore, de novo review of the findings and recommendation that Mr. Garcia be found incompetent is also required.

"'It has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial.'"  Anderson v. Gipson, 902 F.3d 1126, 1133 (9th Cir. 2018) (quoting Drope v. Missouri, 420 U.S. 162, 171, 95 S. Ct. 896, 43 L. Ed. 2d 103 (1975)).  A defendant must not only have the present ability to understand the charges against him, but also "communicate effectively with defense counsel." Cooper v. Oklahoma, 517 U.S. 348, 368 (1996) (citation omitted). An inability to communicate effectively with counsel may render a defendant "unable to exercise other rights deemed essential to a fair trial," including pleading guilty, waiving the privilege

6

against self-incrimination, waiving his right to a trial by jury, confronting his accusers, cross-examining witnesses, and numerous other decisions made in the course of a trial. Id. at 364 (citation omitted).

Here, the impairments indicated in the Forensic Psychiatric Evaluation impede Mr. Garcia's ability to properly assist his counsel in his defense. See Forensic Psychiatric Evaluation at 7. Furthermore, the impairments are sufficient to limit Mr. Garcia's ability to effectively communicate with counsel and make decisions regarding his essential rights. At the competency hearing, Dr. Tisza testified as to Mr. Garcia's impairments and reaffirmed her opinion that Mr. Garcia is unable to properly assist in his own defense. [10/29/19 Hrg. Trans., at 6, 8.] As previously noted, Mr. Garcia's Exhibits A and B were admitted in lieu of his testimony. The representations made in those exhibits: are consistent with the impairments identified in the Forensic Psychiatric Evaluation; reinforce the accuracy of Dr. Tisza's competency opinion; and support the need for restoration of Mr. Garcia's competency to assist in his own defense. In sum, the F&R is thorough, founded on opinions rendered by a competent expert, and well-reasoned. Therefore, the Court adopts the magistrate judge's finding that the Government established, by a preponderance of the evidence, that Mr. Garcia "is presently suffering from a mental disease or

7

defect rendering him mentally incompetent to the extent that he is not able to assist properly in his defense." [F&R at 10.] The Court also adopts the magistrate judge's conclusion that Mr. Garcia is not competent to stand trial.

## CONCLUSION

On the basis of the foregoing, Defendant's Objections to the Magistrate Judge's Findings and Recommendation that Defendant Gerald Rafael Garcia Be Found Not Mentally Competent to Stand Trial, filed November 14, 2019, are HEREBY DENIED and the magistrate judge's F&R is HEREBY ADOPTED IN ITS ENTIRETY.

It is HEREBY ORDERED:

1) Mr. Garcia is COMMITTED to the custody of the Attorney General of the United States, pursuant to 18 U.S.C. § 4241(d), for hospitalization and treatment in a suitable facility for "a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward";

2) On or before the end of this four-month period, the Attorney General or his designee, shall file a report with the Court on the mental condition of Mr. Garcia; and

3) The delays of this case resulting from these competency proceedings and Mr. Garcia's commitment are HEREBY

EXCLUDED from the computation of time under 18 U.S.C.
§ 3161(h)(1)(A), (h)(1)(F), and (h)(4) of the Speedy Trial Act.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, January 21, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

USA VS. GERALD RAFAEL GARCIA; MJ 19-00635 LEK-KSC; ORDER DENYING DEFENDANT'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMNEDATION THAT DEFENDANT GERALD RAFAEL GARCIA BE FOUND NOT MENTALL COMPETENT TO STAND TRIAL